Mary M. KOREVEC

v.

WARREN HOSPITAL, et al.

Civ. A. No. 83–0736.

United States District Court,
E.D. Pennsylvania.

Feb. 16, 1983.

Mary M. Korevec, pro se.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Plaintiff, proceeding under the Civil Rights Act of 1871, 42 U.S.C. § 1983, alleges that she was treated at defendant Warren Hospital as a result of a fall which she suffered at her Easton, Pennsylvania, home in February, 1980. Being pregnant, she purportedly remained in the hospital for some time thereafter and received inadequate medical care by an incompetent staff. Upon giving birth to a live baby boy, plaintiff repeatedly instructed the nursing staff to have her child baptized. Notwithstanding the staff's assurance that they would comply with her instructions, the staff nevertheless failed to do so. Tragically, plaintiff's child, still unbaptized, died shortly thereafter. We assume the veracity of these factual allegations, *Walker Process Equipment Co. v. Food Machinery & Chemical Corp.*, 382 U.S. 172, 86 S.Ct. 347, 15 L.Ed.2d 247 (1965), and remain properly solicitous of plaintiff, who is proceeding *pro se*. *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–596, 30 L.Ed.2d 652 (1972). However, because plaintiff has alleged "no set of facts" which would serve as entitlement to relief under § 1983, we dismiss the complaint. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

In order to state a claim under § 1983 plaintiff must allege that conduct

"fairly attributable to the state" *Lugar v. Edmonson Oil Co.,* —— U.S. ——, ——, 102 S.Ct. 2744, 2754, 73 L.Ed.2d 482, 495 (1982), has resulted in a deprivation of a right "secured by the Constitution". *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S.Ct. 1729, 1732–1733, 56 L.Ed.2d 185 (1978). Plaintiff has alleged *neither* of these two elemental and essential requirements.

Accordingly, because plaintiff has failed to allege any cognizable civil rights claim and because our jurisdiction is purportedly invoked under § 1983, we will dismiss the complaint.

█ Additional reasons support dismissal. Plaintiff has failed to allege any facts whatsoever which would even suggest that this Court has *in personam* jurisdiction over any of the named defendants. Specifically, the complaint fails to allege that any defendant has sufficient "minimum contacts" with Pennsylvania such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice". *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). *See also, World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). An appropriate order shall issue.